United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-30294

COMMUNITY MENTAL HEALTH CENTER
OF ALEXANDRIA; COMMUNITY MENTAL
HEALTH CENTER OF MONROE; COMMUNITY
MENTAL HEALTH CENTER OF BATON ROUGE

Plaintiffs-Appellants,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(01-CV-1791-A)

Before EMILIO M. GARZA, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Three Community Mental Health Centers ("CMHCs") applied for participation in the

Medicare program in late 1995 and early 1996. On their application, the CMHCs requested that the

Center for Medicare and Medicaid Services ("CMS") classify them as "provider-based" participants

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

for reimbursement purposes. The CMS mistakenly classified the CMHCs as "free standing" participants. The error was later corrected, but the CMS refused to apply the correction retroactively.

The CMHCs appealed to the Department of Health and Human Services Departmental Appeals Board ("DAB"). The DAB dismissed the appeal for lack of jurisdiction on the grounds that the dispute did not involve an appealable "initial determination" pursuant to 42 C.F.R. § 498.3. The DAB Appellate Division and the District Court for the Eastern District of Louisiana affirmed. The CMHCs timely appealed to this Court.

The CMHCs first contend that the CMS's mistaken classification of the CMHCs as "free standing" Medicare participants was an appealable "initial determination." The classification of the CMHCs as "free standing" only affected the CMHCs' eligibility for Medicare reimbursements. At the time of the CMHCs' claim, the Medicare regulations did not enumerate reimbursement classification disputes as appealable "initial determinations." The classification of the CMHCs as "free standing" Medicare participants was thus not an appealable "initial determination."

The CMHCs further assert that their procedural due process rights were violated because the DAB dismissed the case without considering an outcome-determinative issue. The CMHCs argue that the DAB should have considered whether the CMHCs' application had been unilaterally altered by the CMS. Because this issue was wholly irrelevant to the DAB's jurisdictional analysis, the DAB did not fail to consider an outcome-determinative issue.

The CMHCs finally argue that the DAB's denial of jurisdiction was arbitrary and capricious since the DAB had previously exerted jurisdiction over two reimbursement classification disputes.

*See Memorial Hosp. at Easton v. CMS*, DAB CR 634, 1999 WL 1292903 (H.H.S. Dec. 16, 1999);

*Johns Hopkins Health Sys. v. CMS*, DAB CR 598, 1999 WL 596463 (H.H.S. June 7, 1999). In those

two cases, the DAB emphasized that parties on both sides had requested DAB review. In the matter

*sub judice,* however, the CMS did not seek DAB review. The DAB's denial of jurisdiction over the

CMHCs' dispute was not arbitrary and capricious because it did not contravene its earlier rulings.

For these reasons, the judgment of the district court is hereby AFFIRMED.